UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REDDING, LINDEN, BURR, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION H-07-2925 |
| | § | |
| DAVID KING, *et al.*, | § | |
| | § | |
| *Defendant*s. | § | |

## ORDER

Pending before the court is David King's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motion, plaintiff's response, and applicable law, King's motion to dismiss is DENIED

### I. BACKGROUND

In its amended complaint, Redding, Linden, Burr, Inc. alleges that on November 10, 2005, defendant David King purchased SpectorSoft eBlaster 5.0 spyware and surreptitiously installed it on a laptop computer furnished to his wife by Redding, her employer. Dkt. 16. Over the ensuing months, King used the spyware to gain access to hundreds of contemporaneous and stored electronic communications contained in the Redding small business server (SBS). King routed the information from the SBS to a proxy server. King then used the proxy server to send the data to individual IP addresses traceable to defendants Sarah Bowen and Rebecca Kiest. Redding claims that the defendants mutually agreed to participate in the unlawful interception of electronic communication. Furthermore, Redding asserts that Bowen unlawfully used the information sent to her by King to access Redding's servers.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure authorize a court to dismiss an action for "failure of the pleading to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law.  *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  A court must not dismiss a case for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964-65).  Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . .be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Twombly*, 127 S. Ct. at 1966 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2008)).

## III.  ANALYSIS

King moves the court to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Redding has failed to state a claim for which relief can be granted pursuant to 18 U.S.C. § 2701, the  Federal Stored Communications Act (FSCA).  Dkt. 19.

**FEDERAL STORED COMMUNICATIONS ACT**

The FSCA provides for a civil cause of action against any individual who "intentionally 1) accesses without authorization a facility through which an electronic communication service is provided; or 2) exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. §§ 2701, 2707.

King advances two arguments for the dismissal of the FSCA claim. First, he contends that Redding's failure to plead that the SBS meets the statutory definition of a facility under the FSCA is fatal to its claim. Dkt. 19. Second, King argues that Redding has only alleged that King "accessed" the information in the SBS, but made no allegations that he "obtained" the information as required by § 2701. *Id*.

King asserts that Redding failed to plead that the SBS is a "facility" that provides an "electronic communication service" as required by the FSCA. § 2701(a)(1).[1] An "electronic communications service" is "any service which provides to users thereof the ability to send or receive wire or electronic communications." § 2510(15). "Electronic communications" are defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part" § 2510(12). This broad definition encompasses almost all aspects of modern computing and is especially relevant when referring to a computer that provides email service. Email service requires passing data and encoded writing naturally contained in email. Therefore, it follows that an email service qualifies as "electronic communication" for the purposes of the FSCA. *See Steve Jackson Games, Inc. v. United States Secret Service,* 36 F.3d 457 (5th Cir.

---

[1] Section 18 U.S.C. § 2711(1) incorporates the definitions of 18 U.S.C. § 2510 of the Federal Wiretap Act into the FSCA.

3

1994) (computer providing email service qualifies as an electronic communications facility).

While it may be true that in its amended complaint Redding never overtly refers to the SBS as a facility that provides an "electronic communications service," it is implied in the nature of the service provided by the machine. Dkt. 16. The complaint alleges that King used the information gained from surveillance of his wife's laptop to access the SBS, which, without an allegation of a physical intrusion, implies that the intrusion occurred by way of electronic communication over the internet. *Id*. Therefore, Redding's claim rises beyond the merely speculative level and is plausible on its face. *See Twombly*, 127 S. Ct. at 1974.

King also asserts that Redding's complaint fails to plead that King "obtain[ed], alter[ed] or prevent[ed] authorized access to wire or electronic communication while it is in electronic storage." Dkt. 19. King concedes that the complaint alleges "access" and "transmission" of the information to a third party but contends that these terms do not equal "obtaining" the information. As the statute is silent on the definition of "obtain," the court looks to the ordinary meaning of the word. § 2510; *See Oliver v. United States Postal Serv.*, 696 F.2d 1129, 1131 (5th Cir. 1983) (per curiam) (plain language controls "absent a clearly expressed legislative intention to the contrary"). The dictionary defines "obtain" as "to gain or attain usually by planned action or effort." WESTER'S NEW COLLEGIATE DICTIONARY 793 (1977). The complaint clearly alleges that King was able to access the information found on the SBS. Dkt. 16. King urges that to control the information to the extent that it can be voluntarily transmitted to another machine is not analogous to "obtaining" the information. He contends that because information can be transmitted to another machine without being viewed, greater control than that alleged in the complaint is required to satisfy the FSCA. The court disagrees. The mere intrusion into the server, without more, does not impute possession of all of the information contained therein to the intruder. But certainly when an intruder views, copies

4

or transmits the information to another machine, the file has been effectively "obtained." Following King's argument, an intruder could insulate himself from liability by the simple expedient of forwarding files to a third party without opening them. Therefore, the court finds that King did not have to view the material he forwarded to another machine to have "attained possession of it by planned action or effort" as required by the statute. Accordingly, Redding has pled a cause of action sufficient to show that its claim is plausible based upon the statutory requirements of the FSCA. *See Twombly*, 127 S. Ct. at 1974.

### IV. CONCLUSION

Redding has pled a cause of action sufficiently plausible to survive King's motion to dismiss for failure to state a claim. Therefore, King's motion to dismiss is DENIED.

Signed at Houston, Texas on June 19, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY