UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REDDING, LINDEN, BURR, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2925 |
| | § | |
| DAVID KING, SARAH BOWEN, | § | |
| REBECCA KIEST, | § | |
| | § | |
| *Defendants*, | | |

**ORDER**

Pending before the court is Sarah Bowen's motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, insufficient service of process, and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1)-(2), (5)-(6) respectively. Upon consideration of the motion, plaintiff's response, and the applicable law, Bowen's motion is DENIED.

**I.    BACKGROUND**

In its amended complaint, Redding, Linden, Burr, Inc., alleges that on November 10, 2005, defendant David King purchased SpectorSoft eBlaster 5.0 spyware and surreptitiously installed it on a laptop computer furnished to his wife by plaintiff Redding, her employer. Over the course of the next six months, King allegedly used the spyware to gain access to multiple contemporaneous messages sent to and from his wife's laptop and stored electronic communications contained in the Redding small business server (SBS). The intercepted communications—which contained proprietary and confidential business information—were routed by King to a proxy server. King then used the proxy server to send the materials to individual IP addresses traceable to his co-defendants, Sarah Bowen and Rebecca Kiest. Redding further alleges that the defendants mutually

agreed to participate in the unlawful interception of electronic communication. And, Redding contends that Bowen unlawfully used the information sent to her by King to access Redding's SBS.

## II. PERSONAL JURISDICTION

### A. Standard of Review

When a defendant raises an objection to the court's personal jurisdiction, the burden is on the plaintiff to make a prima facie showing that jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Where a question of fact is present, that question will be resolved in favor of the plaintiff. *Id.*

Personal jurisdiction over a nonresident defendant requires that two conditions be met: (1) the defendant "must be amenable to service of process under the forum state's long-arm statute"; and, (2) "the assertion of jurisdiction over the nonresidents must be consistent with the Fourteenth Amendment due process clause." *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). "The Texas long-arm statute has been interpreted to extend to the limits of due process." *Id.* Therefore, the issue here rests solely on whether the Fourteenth Amendment's due process requirements have been satisfied.

The Supreme Court created a two-prong test to determine if due process has been satisfied: (1) the defendant must have "certain minimum contacts" with the state; and, (2) "the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154; *Ruston Gas Turbines, Inc. v. Donaldson* Co., 9 F.3d 415, 418 (5th Cir. 1993) (citing Int'l Shoe Co., 326 U.S. at 316, 66 S. Ct. 154). The minimum contacts prong has been further divided into general and specific jurisdiction. *Ruston Gas Turbines, Inc.*, 9 F.3d at 418. Sufficient minimum contacts with the forum state will

give rise to either specific or general jurisdiction over a foreign defendant under the due process clause of the Fourteenth Amendment. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868 (1984); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction requires "continuous and systematic" contacts with the forum. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174 (1985)). In order to exercise specific jurisdiction, a relationship among the defendant, the forum, and the litigation must exist so as not to offend traditional notions of fair play and substantial justice. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986), *cert. denied*, 481 U.S. 1015, 107 S. Ct. 1892 (1987) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204. 97 S. Ct. 2569.

    **B.**    **Analysis**

Redding alleges that the intrusion into their server from the computer at Bowen's place of employment gives direct rise to the suit in controversy. Dkt. 16. Therefore, they contend that Bowen, using information procured from King, accessed their server from Georgia. For the purposes of a 12(b)(6) motion, all fact issues are construed in favor of the plaintiff. *Bullion*, 895 F.2d at 217. Bowen's alleged direct contact with Texas satisfies specific jurisdiction, because that same action gave rise to the cause of action. The only remaining question now is whether the exercise of jurisdiction in Texas "offend[s] the traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316, 66 S. Ct. 154.

The imposition of "traditional notions" becomes increasingly difficult as the field of activity subject to litigation moves farther away from conventional concepts of physical location. The internet, with regard to personal jurisdiction, presents a slippery problem to which courts have struggled to apply "traditional notions of fair play and substantial justice. *See generally* Andrew E. Costa, Comment, *Minimum Contacts in Cyberspace: A Taxonomy of the Case Law*, 35 HOUS. L. REV. 453 (1998). Fifty years ago the Supreme Court noted that "[a]s technological progress has increased the flow of commerce between States, the need for jurisdiction over non-residents has undergone a similar increase." *Hanson v. Denckla*, 357 U.S. 235, 250-51, 78 S. Ct. 1228 (1958). More recently, the Supreme Court has also stated that a defendant could not avoid jurisdiction "merely because the defendant did not physically enter the forum state." *Burger King*, 471 U.S. at 475.

Bowen, in her motion to dismiss for want of personal jurisdiction, notes that Redding has failed to plead the location of its SBS. Dkt. 21. Therefore, Bowen claims, Redding cannot establish personal jurisdiction over Bowen in Texas. She further argues that even if Redding amends its complaint to include the fact that the server is located in Texas, the location would be merely fortuitous and still should not be grounds for the establishment of personal jurisdiction, because a person could unknowingly be directed to an unintended forum,. *Id.* But, Bowen's argument, while intriguing, does not address the issue before this court. Had the amended complaint stated that Redding was a corporation located in a foreign state and the basis of jurisdiction in Texas was the intrusion of Redding's Texas server, then the issue would be ripe for analysis. In the instant case, Bowen's contacts with Texas are not incidental or accidental.

In its amended complaint, Redding, a Houston company, states that it maintains a server which contains confidential and proprietary information, and company e-mail. Dkt. 16. Redding further alleges that Bowen intentionally used information given to her by King to access the SBS without authorization. The server itself is not protected by the federal statutes in question, but rather the information found on that server. The information, regardless of whether it was e-mail or stored files, was presumably created in Texas through normal corporate functions of a Texas company that occurred under the protections of Texas law. Thus, Bowen's alleged act of accessing the confidential information of a Texas company created under the protection of Texas law, vitiates the concern that Bowen did not purposely avail herself of the benefits and protections of the State of Texas. *See Burger King*, 471 U.S. at 475.

Additionally, when deciding whether personal jurisdiction is proper in the case of an intentional tort directed at the forum from another state, the Fifth Circuit considers which party instigated the contact with the forum state. *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) (Non-residents who received an unsolicited phone call from Texas could not be subject to personal jurisdiction in a Texas court); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328 (5th Cir. 1982) (person who initiated call into forum and could reasonably foresee injury in the forum was subject to personal jurisdiction in that forum). The cases that analyze personal jurisdiction based upon tortious actions over the phone provide an excellent analogy to an internet intrusion, because phone conversations may reach into a foreign state, blurring the lines between jurisdictions. The Fifth Circuit has previously found that when a person knowingly makes contact with a forum state for the purposes of committing an intentional tort, when it was foreseeable that all the harm and most of the actors would be in that state, that person is subject to personal jurisdiction in that forum. *Brown*, 688

F.2d at 334. Accordingly, because Bowen allegedly initiated an unauthorized computer session with a Texas company's server, Bowen could have reasonably anticipated being subject to litigation in Texas without regard to the actual physical location of the server.

The court finds that Texas has an interest in protecting its corporations from intentional intrusions onto their property, both tangible and intellectual. All other parties to the case, with the exception of Bowen, are citizens of Texas. Although Bowen would be inconvenienced by defending herself in this forum; this inconvenience does not outweigh the inconvenience of compelling all other parties to litigate in Georgia. Therefore, because of the state's interest in providing a forum for its own citizens, the fact that the majority of the parties to this case are Texas citizens, and the foreseeable nature of the harm in Texas, this court finds that there is enough of a substantial relationship among the defendants, this forum, and the litigation to satisfy due process. *Holt,* 801 F.2d at 777.

Redding has, therefore, established a prima facie case that Bowen purposefully availed herself of the benefits and protection of the law of Texas when she accessed the SBS. Accordingly, because the court finds that subjecting Bowen to jurisdiction in Texas would not offend "traditional notions of fair play and substantial justice," her motion to dismiss for want of personal jurisdiction is DENIED.

### III.   INSUFFICIENT PROCESS

#### A.   Standard of Review

Service of process is regarded as a matter discrete from the court's jurisdiction and its core function is to supply notice of the pendency of legal action. *Henderson v. United States*, 517 U.S. 654, 116 S. Ct. 1638 (1996). The Supreme Court has also stated that the "manner and timing of

serving process are generally . . . matters of procedure controlled by federal rules. *Id.* Federal rules provide that "if a defendant is not served within 120 day after the complaint is filed, the court—on a motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). The "district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process" *George v. United States Dep't of Labor, O.S.H.A.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

**B.     Analysis**

Redding argues that it hired a Georgia process server to effectuate service on Bowen. Dkt. 24. But, it concedes that Bowen was not served within the requisite 120 days. However, Redding alleges that the process server claimed to have properly served Bowen. Only several weeks later, when Bowen failed to enter an appearance, did Redding request a return of service. Redding discovered the failure to serve Bowen in early March 2008. As soon as the fault was discovered, Redding used the Texas rules for service and effected service through the Texas Long-Arm Statute on March 11, 2008. Although Redding concedes that the service was effectuated outside the requisite 120 days as required by the federal rules, it asks the court to recognize that the failure was inadvertent and for leave to re-serve Bowen. Bowen argues, on the other hand, that service through the Texas Long-Arm Statute is improper and that this court should dismiss the action against Bowen.

Because the court has determined that it has personal jurisdiction over Bowen, she may be served pursuant to the federal or local rules in Texas or Georgia. See FED R. CIV. P. 4(e); TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 2008); GA. CODE ANN. § 9-11-4. In Texas, service

upon the Secretary of State is valid for any non-resident "who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party." § 17.044(b). In the state of Texas, "a nonresident does business in this state if the nonresident . . . commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 2008).

The court finds that the service upon Bowen on March 11, 2008 was proper. But, since it occurred more than 120 days after the case was filed, service was untimely. However, the court recognizes that the initial failure to serve was due to the neglect of a third party. Therefore, the court finds that Redding has shown good cause for the untimely service of process. Moreover, Bowen clearly has notice of the pendency of the action, since she has appeared and filed her motion to dismiss. Additionally, requiring Redding to reserve Bowen would be inefficient without any gains to either party. Therefore, Bowen's motion to dismiss for lack of effective service is DENIED.

## III.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED[1]

### A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for "failure of the pleading to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored by the law. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ.*

---

[1] Although the court would normally begin its analysis with subject matter jurisdiction, Bowen predicates her 12(b)(1) motion on the success of her 12(b)(6). "[W]here issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits." *Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir.2004). Accordingly, the court begins its analysis with the motion to dismiss for failure to state a claim.

*Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pled facts as true and view them in the light most favorable to the non-movant. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Under the standard set forth in *Twombly*, a court must not dismiss a case for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964-65). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S. Ct. at 1966 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2008)).

**B.     Analysis**

Bowen argues that Redding has failed to state a claim under both the Federal Wiretap Act (FWA), 18 U.S.C. § 2510 *et seq.*, and the Federal Stored Communications Act (FSCA), 18 U.S.C. § 2701 *et seq.*

*1.     The Federal Wiretap Act*

The FWA provides a civil remedy for any person whose "electronic communication is intercepted, disclosed or intentionally used in violation of [the FWA]." 18 U.S.C. §§ 2511(1), 2520(a). The FWA imposes civil liability on anyone who "intentionally intercepts . . . any . . .

9

electronic communication." §§ 2511(a), 2520.  It also imposes liability on anyone who either "intentionally discloses. . . the contents of any . . . electronic communications, knowing or having reason to know that the information was obtained through the interception of a[n] . . . electronic communication"; or "intentionally use[s]. . .the contents of any . . . electronic communication, knowing or having reason to know that the information was obtained through the interception of a[n] . . . electronic communication." §§ 2511(1)(c) (intentionally discloses), (d) (intentionally uses).  The Fifth Circuit has stated that only direct violations, as opposed to procuring another person to violate the FWA, give rise to a civil cause of action.  *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000) (only the acts specifically mentioned by § 2520(a) create a civil action).

Bowen's alleged violation under § 2511(d) of the FWA is predicated on King's violation of § 2511(a) of the Act.  King has not contested whether Redding has stated a claim against him under the FWA.  Dkt. 28  Nor does Bowen argue that King did not violate § 2511(a).  Therefore, for the purposes of this motion, the court will assume the violation.[2]  So, assuming that King's actions constituted an interception as defined by the FWA, the only question before the court is whether Bowen "intentionally used" the information procured from King with actual or constructive knowledge of its origins.  §§ 2511(d), 2520(a).

Redding's complaint alleges that a computer, traceable to Bowen, initiated an unauthorized session with the SBS and thereby obtained access to the server.  While Bowen disputes these facts, for the purposes of a 12(b)(6) motion to dismiss, the court accepts the facts as pleaded in the complaint as true.  *Calhoun*, 312 F.3d at 733.  On its face, the pleading states a plausible cause of

---

[2] The court makes no finding regarding whether King violated the FWA.

10

action and cannot, therefore, be dismissed at this stage in the litigation. *Twombly*, 127 S. Ct. at 1974. Accordingly, Bowen's 12(b)(6) motion to dismiss Redding's FWA claim is DENIED.

### 2. *The Federal Stored Communications Act*

The FSCA provides a civil remedy for any aggrieved person whose electronic communications have been accessed while in storage on a facility that provides electronic communications. 18 U.S.C. §§ 2701, 2707. The FSCA imposes civil liability upon any person who intentionally "accesses without authorization a facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents authorized access to a[n] . . . electronic communication while it is in electronic storage." 18 U.S.C. §§ 2701, 2707.

Redding alleges that Bowen used the information provided by King to access the SBS. Dkt. 16. As discussed in the order denying defendant King's motion to dismiss, the SBS is a facility through which electronic communications are stored as defined by the Act. Dkt. 28. Therefore, as Redding has alleged that Bowen accessed the SBS without authorization and thereby obtained access to the stored electronic communication, it is plausible that Bowen has violated the FSCA. Accordingly, Bowen's 12(b)(6) motion to dismiss for failure to state a claim with regard to the FSCA is DENIED.

## V. LACK OF SUBJECT MATTER JURISDICTION

Based on the assumption that the court will grant her motions to dismiss on all federal claims, Bowen moves the court to decline to exercise supplemental jurisdiction over Redding's state law claims. As, the court has denied Bowen's motion to dismiss Redding's claims under the FWA and the FSCA, it has subject matter jurisdiction over all claims under 28 U.S.C. §§ 1331, 1367.

Therefore, Bowen's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is DENIED AS MOOT.

**VI.    CONCLUSION**

Pending before the court is Sarah Bowen's motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, insufficient service of process, and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1)-(2), (5)-(6) respectively.  For the foregoing reasons, the motion is DENIED.

It is so ORDERED

Signed at Houston, Texas on July 1, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY