```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

REDDING LINDEN BURR, INC.,      §
                                §
     Plaintiff,                 §
                                §
v.                              §     CIVIL ACTION NO. H-07-2925
                                §
DAVID KING, SARAH BOWEN,        §
AND REBECCA KEIST               §
                                §
     Defendants.                §
                                §
```

**ORDER**

Pending before the court[1] is Defendants' Motion to Exclude Plaintiff's Experts (Docket Entry No. 33). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, Defendants' motion to exclude is **GRANTED IN PART** and **DENIED IN PART**.

### I. Case Background

In this action, Plaintiff, an engineering firm located in Houston, alleges that David King ("David") unlawfully obtained the login information of Charity King ("Charity") and then used that information to access Plaintiff's computer server.[2] In connection with her employment, Charity, Plaintiff's marketing director, was

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 55.

[2] Defendants' Joint Motion to Exclude Plaintiff's Experts, Docket Entry No. 33, p. 1.

given a laptop computer owned by Plaintiff.[3]  Plaintiff contends that David, the former husband of Charity, installed SpectorSoft eBlaster 5.0 software ("SpectorSoft") on the laptop.[4]  SpectorSoft is a program that permits the installer of the software, without the knowledge of the computer's user, to track all the activity on the computer, including the user's passwords and login information.[5]

Plaintiff alleges David used SpectorSoft and successfully obtained Charity's login information and password.[6]  Subsequently, Plaintiff claims that David used Charity's login information and password to gain unauthorized access to information stored on Plaintiff's server.[7]  The alleged unauthorized installation of SpectorSoft and access of Plaintiff's server forms the basis of this lawsuit.

In support of its claim, Plaintiff sought evidence that the laptop had SpectorSoft installed on it and that someone had attempted to use Charity's login information and password to access Plaintiff's server.  Plaintiff sought the expertise of Keon Arjmandi ("Arjmandi"), Temitope Ogunfiditimi ("Ogunfiditimi"), and

---

[3]  Plaintiff's Second Amended Complaint, Docket Entry No. 67, p. 2 (unnumbered).

[4]  Id.

[5]  Id. at pp. 2-3 (unnumbered).

[6]  Id.

[7]  Id.

Chris Hodge ("Hodge"). Arjmandi and Ogunfiditimi were hired to perform analyses on the laptop to determine whether SpectorSoft was installed on the laptop, and Hodge was hired to determine if, and when, someone attempted to access Plaintiff's server using Charity's access information.

Subsequently, Defendants filed a motion to exclude the opinions of Arjmandi, Ogunfiditimi, and Hodge.[8]

## II. Legal Standard

The federal rules of evidence and related case law require that an expert be qualified and that the expert's testimony be both relevant and reliable. See Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999); Smith v. Goodyear Tire & Rubber Co., 495 F.3d 224, 227 (5th Cir. 2007). The burden of establishing this predicate for the expert's testimony naturally falls on the party producing the expert. Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The expert may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

The trial judge decides whether the evidence is relevant and sufficiently reliable so as to be admitted. Moore, 151 F.3d at 276. To be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.

---

[8] Defendants' Joint Motion to Exclude Plaintiff's Experts, Docket Entry No. 33.

R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 591 (1993). Reliability hinges on the sufficiency of the facts or data upon which the opinion is based, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case. Fed. R. Evid. 702; Smith, 495 F.3d at 227.

Among the factors to be considered in determining the reliability of scientific testimony are: 1) the extent to which the theory can be tested or has been tested; 2) whether the theory has been subject to peer review and publication; 3) potential rate of error for the technique used and the existence of standards and controls; and 4) whether the underlying theory or technique is generally accepted as valid by the relevant scientific community. Daubert, 509 U.S. at 593-94. These factors are neither exclusive nor dispositive, and the factors which are relevant will vary from expertise to expertise and case to case. See Fed. R. Evid. 702, Advisory Committee Notes.

Testimony that is not scientific in nature is better judged by examining whether the expert has sufficient personal knowledge, work experience, or training to support the opinions offered. See Fed. R. Evid. 702; Kumho Tire Co., 526 U.S. at 150-51. If the opinion is based solely or primarily on experience, the witness must connect the experience to the conclusion offered, must explain why the experience is a sufficient basis for the opinion, and must

4

demonstrate the appropriateness of the application of the experience to the facts. Fed. R. Evid. 702, Advisory Committee Notes. The bottom line is:

> The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded.

Id.

### III. Analysis

**A. Arjmandi's Opinion**

Based on the court's reading of Arjmandi's report, it appears that Plaintiff intends to offer Arjmandi's opinion that SpectorSoft was installed on the laptop's hard drive based on his review of the hard drive. Defendants argue that the opinion of Arjmandi should be excluded because: (1) he is not qualified; (2) his expert opinion is not reliable; (3) he failed to follow proper industry standards; and (4) he is not a licensed private investigator as required by the Texas Occupations Code.[9]

On the issue of Arjmandi's qualifications, the court finds that Arjmandi's qualifications listed in his report and resume reflect sufficient "knowledge, skill, experience, training, [and]

---

[9] Id. Defendants also make an ancillary argument that Arjmandi's report should be excluded because his report does not contain an opinion as required by Fed. R. Civ. P. 26(a)(2)(B). This argument is without merit. As the court stated above, based on the court's reading of Arjmandi's report, it appears he will testify that SpectorSoft was installed on the laptop. Therefore, Arjmandi's report offers an opinion, and Defendants' argument is without merit.

5

education" to allow him to offer expert testimony on the issue of whether SpectorSoft was installed on the examined hard drive. See Fed. R. Evid. 702. Arjmandi is the "[d]irector of Super Future Equities, Inc., a storage technology and virtualization research company."[10] Arjmandi's professional experience includes "[analyzing] hundreds of computer storage devices and file systems[,]" and he also has "significant experience in the area of computer and network security . . . ."[11] Arjmandi's resume states: (1) that he has performed "extensive research in storage technologies"; (2) that he has experience in "[d]ata analysis and network security"; and (3) that he has "[e]xtensive technical knowledge in computer hardware [and] software . . . ."[12] The court concludes that Plaintiff has produced sufficient evidence that Arjmandi has sufficient training and experience to testify about the contents of the laptop.

Defendants also argue that Arjmandi's opinions are unreliable under the Daubert standard. In addition to laying out Defendants' version of the Daubert factors, Defendants' reliability argument is as follows: "Plaintiff's experts [Arjmandi], [Ogunfiditimi], and [Hodge] must be excluded because their testimony fails to comply with factors 4 and 5 above; that is, their opinions are not based

---

[10] Defendants' Joint Motion to Exclude Plaintiff's Experts, Docket Entry No. 33, Ex. B, Arjmandi's Computer Data Analysis Report, p. 2 (unnumbered).

[11] Id.

[12] Id. at pp. 7-8 (unnumbered).

6

on techniques that are generally accepted and are not based on sufficient facts of data."[13]

In addition to the work experience and training noted in Arjmandi's resume, Arjmandi based his opinions on "a review of the computer data collected in connection with this matter, empirical observations, research from sources including the Microsoft corporation's KnowledgeBase system, developer documentation, application program interface specifications and other published technical data as well as [his] experience, education, knowledge and skill in the field of storage technology and computer security[.]"  The court finds that Plaintiff has presented sufficient evidence that Arjmandi's opinions meet the threshold of reliability.

Defendants next argue that Arjmandi's opinion should be excluded because he has not met the requirements of the Texas Occupations Code.  Tex. Occ. Code. Ann. § 1702.104.[14]  Defendants,

---

[13]     Defendants' Joint Motion to Exclude Plaintiff's Experts, Docket Entry No. 33, p. 5.

[14]     The cited statute is as follows:

(a) A person acts as an investigations company for the purposes of this chapter if the person:

> (1) engages in the business of obtaining or furnishing, or accepts employment to obtain or furnish, information related to:
>
>> (A) crime or wrongs done or threatened against a state or the United States;
>>
>> (B) the identity, habits, business, occupation, knowledge, efficiency, loyalty, movement, location, affiliations, associations, transactions, acts, reputation, or character of a person;

however, fail to explain how the cited section applies to this dispute or how a Texas state statute bars an expert's opinion in federal court.  In addition, Defendants have not cited the court to any cases where a federal court excluded an expert's opinion because of the cited statute.  Therefore, Defendants' argument is without merit.

As to Defendants' argument that Arjmandi failed to follow the proper industry standards, these issues are better addressed through cross-examination.

In this instance, Plaintiff has presented sufficient evidence to permit Arjmandi to render an expert opinion, Defendants' motion to exclude Arjmandi's expert opinion is denied.

---

        (C) the location, disposition, or recovery of lost or stolen property; or

        (D) the cause or responsibility for a fire, libel, loss, accident, damage, or injury to a person or to property;

    (2) engages in the business of securing, or accepts employment to secure, evidence for use before a court, board, officer, or investigating committee;

    (3) engages in the business of securing, or accepts employment to secure, the electronic tracking of the location of an individual or motor vehicle other than for criminal justice purposes by or on behalf of a governmental entity; or

    (4) engages in the business of protecting, or accepts employment to protect, an individual from bodily harm through the use of a personal protection officer.

(b) For purposes of Subsection (a)(1), obtaining or furnishing information includes information obtained or furnished through the review and analysis of, and the investigation into the content of, computer-based data not available to the public.

Tex. Occ. Code. Ann. § 1702.104.

**B.   Ogunfiditimi's and Hodge's Opinions**

Based on the court's reading of Ogunfiditimi's report, it appears Plaintiff intends to offer Ogunfiditimi's opinion that SpectorSoft was installed on the laptop's hard drive.  As to Hodge's report, the court is unclear at this point, what, if any, expert opinion he is offering in this matter.

Defendants argue that Ogunfiditimi's and Hodge's testimony must be excluded because Plaintiff has failed to provide any evidence of their qualifications, experience, education, and training.   Defendants make several other arguments; however, because the court finds that Plaintiff has failed to present sufficient evidence regarding Ogunfiditimi's and Hodge's qualifications, this court need not consider Defendants' other arguments.

Plaintiff's response argument on Ogunfiditimi's and Hodge's qualifications is as follows:

> "As noted above, no particular amount of expertise, aside from a familiarity with computers, was needed to produce the experts['] [reports] generated by Plaintiff's experts.  The reports themselves, in addition to the resume of Keon Arjmandi, provide the requisite reasonable indications of qualification.  As a result, the expert testimony can be admitted and the respective experts' qualifications are simply an issue for the jury. Rushing v. Kansas City Southern Railway Company, 185 F.3d 496, 507 (5th Cir. 1999)(italics ommitted).[15]

---

[15]   It appears, although it is not clear, that Plaintiff is citing to Rushing for the proposition that "[a]s long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating

9

Without addressing the admissibility of Hodge's testimony as a fact witness, the court finds the following. Plaintiff has failed in his burden to provide any support for his contention that Hodge and Ogunfiditimi are qualified as experts. Plaintiff has not offered a resume, vitae, or any evidence that either Hodge or Ogunfiditimi have any knowledge, experience, or training that would qualify either to render an expert opinion; therefore, Defendants' motion to exclude the expert opinions of Hodge and Ogunfiditimi is granted. Because it is not clear to the court that Hodge intends to offer an expert opinion, Hodge may still testify as a fact witness to any facts within his personal knowledge.

## IV. Conclusion

In light of the foregoing, Defendants' Motion fo Exclude Plaintiff's Experts is **GRANTED** in part and **DENIED** in part.

**SIGNED** this 4th day of January, 2009.

Nancy K. Johnson
United States Magistrate Judge

---

its gate-keeping function." Rushing, 185 F.3d at 507. "After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping function." Id. In that case, the parties were arguing whether the expert was qualified to perform a specific type of outdoor sound measurements. In that case, as opposed to the case before this court, the party presented the court with significant evidence indicating that the expert was qualified. In the case before this court, Plaintiff has not offered any evidence of Hodge's and Ogunfiditimi's qualifications. Therefore, the cited case is distinguishable from the case before this court.